E-FILED
Thursday, 28 May, 2026  09:14:20 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

CHARLES BERRY,
     Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
     Defendant.

Case No. 1:24-cv-1103

### Order

The Court has reviewed the Plaintiff's Attorney's Unopposed Petition for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). (D. 18).[1] The Plaintiff represents in the Motion that the Defendant neither supports nor opposes counsel's request for attorney's fees.

On August 5, 2024, the Court issued an order reversing the Commissioner's decision and remanding this case back to the Social Security Administration (SSA). On October 21, 2024, the Court ordered the Plaintiff's counsel be awarded attorney's fees in the amount of $6,509.98 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (D. 17). Following remand, the Plaintiff was awarded $97,789.00 in total past-due benefits.

42 U.S.C. § 406(b)(1) provides that if an attorney successfully represents a claimant in federal court:

> the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

> may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

The Supreme Court has clarified that the "25% cap applies only to fees for representation before the court, not the agency" under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). "[S]o an attorney may ultimately be awarded more than 25% of past-due benefits under §§ 406(a) and (b)(1) combined." *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020). Section 406(b)(2) makes it a misdemeanor for an attorney to charge or otherwise collect a fee for court representation in excess of the amount permitted under § 406(b)(1). However, the "Savings Provision" of the EAJA provides that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1), "but only if, where the claimant's attorney receives fees for the same work under both 406(b)(1) and the EAJA, the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id.* at 953 (internal citation omitted).

Section 406(b)(1) vests the Court with discretion to award a reasonable fee and to determine what that fee is. *Id.* at 957. In making the determination, a court considers the contingent-fee agreement, the character of representation, the results achieved, and whether the past-due benefits recovered are disproportionate to the amount of time spent on the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Here, the Plaintiff signed a fee agreement providing he agreed to pay his attorney 25% of past-due benefits if his counsel represented him before a federal court and obtained a favorable outcome. Accordingly, $24,447—25% of the Plaintiff's past-due benefits—is a reasonable amount in light of the contingent nature of the recovery, the efficient manner in which counsel handled the Plaintiff's case, the results counsel achieved, and the fact that counsel will not request any additional fees under Section 406(a) for work performed before the SSA.

2

The Court therefore GRANTS the Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b). (D. 18). Attorney Meredith E. Marcus is awarded an attorney's fee under 42 U.S.C. § 406(b) in the net amount of $17,937.27. This number represents the Plaintiff's counsel's requested Section 406(b) award of $24,447.25, less the $6,509.98 the Plaintiff's counsel previously received under the EAJA.[2]

*It is so ordered.*

Entered on May 28, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[2] The Plaintiff's counsel requests in the Motion that, rather than reimburse the Plaintiff the amount of EAJA fees, the Court instead deduct the EAJA fee award from the Section 406(b) award.